John D. Fiero (CA Bar No. 136557)
Maxim B. Litvak (CA Bar No. 215852)
Gail S. Greenwood (CA Bar No. 169939)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010
Email: jfiero@pszjlaw.com
      mlitvak@pszjlaw.com
      ggreenwood@pszjlaw.com

Attorneys for Andrea Wirum,
Trustee of the Carinalli Liquidating Trust

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SANTA ROSA DIVISION**

| | |
|---|---|
| In re:<br><br>**CLEMENT C. CARINALLI AND ANN MARIE CARINALLI,**<br><br>Debtor. | Case No.: 09-12986 (AJ)<br><br>Chapter 11 |
| **OFFICIAL COMMITTEE OF UNSECURED CREDITORS,**<br><br>**Plaintiffs**,<br><br>v.<br><br>**KELLY INVESTMENT CO., KELLY T. SUACCI, KEITH INVESTMENT CO., KEITH CARINALLI, KERRI INVESTMENT CO., KERRI A. OLHISER, KEVIN INVESTMENT CO., KEVIN E. CARINALLI, KLEMCO INVESTMENT CO., AND NORTH COAST BANK, A DIVISION OF AMERICA RIVER BANK, SANTA ROSA OFFICE,**<br><br>**Defendants**. | Adv. Pro. No. 10-01089<br><br>**MOTION TO SUBSTITUTE THE LIQUIDATING TRUSTEE AS PLAINTIFF**<br><br>[Pursuant to B.L.R. 9014-1, no hearing unless opposition filed or hearing requested] |

Andrea Wirum, as Trustee of the Carinalli Liquidating Trust ("Liquidating Trustee"), hereby moves to substitute herself in place of Clement C. Carinalli and Ann Marie Carinalli (collectively, the "Debtors") as the plaintiff in the above-referenced adversary proceeding pursuant

to Bankruptcy Rule 7025(c), consistent with the terms of the *Debtors' and Committee's Second Amended Joint Plan of Reorganization* dated November 16, 2010 (the "Plan").

## I. JURISDICTION AND VENUE

This Court has jurisdiction to hear and determine the within motion pursuant to 28 U.S.C. §§ 1334 and 157. The Court's consideration of this motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (C), and (O). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND FACTS

On July 30, 2010, the Official Committee of Unsecured Creditors commenced this adversary proceeding (the "Adversary Proceeding") by filing a *Complaint For (1) Avoidance of Fraudulent Transfers; (2) Avoidance of Preferential Transfers; (3) Determination of Nature and Extent of Interests in Proceeds of Shiloh Sale; (4) Turnover of Such Proceeds; and (5) Disallowance of Insider Defendants' Claims Against the Estate* against the named defendants.

The Liquidating Trustee is the duly-authorized representative of the estate pursuant to the terms of the Plan, which was confirmed by the Court on November 16, 2010 and became effective on December 1, 2010. Under the Plan, most assets of the Debtors' bankruptcy estate as of the effective date, including available litigation claims, were transferred to the Carinalli Liquidating Trust ("Creditors' Trust") to be administered by the Liquidating Trustee.

Section 7.13 of the Plan provides for the Liquidating Trustee's appointment as representative of the estate to administer claims, rights, and causes of action as follows:

> Preservation of Causes of Action. Each and every claim, right, cause of action, claim for relief and other entitlement held by the Estate as of the Effective Date, whether arising under Sections 502, 506, 510, 541, 542, 543, 544, 545, 550, 551, 552 or 553 of the Bankruptcy Code or arising otherwise (including without limitation claims arising prior to the Petition Date), other than those waived or released by the express terms of the Plan or the Confirmation Order, **shall be deemed fully preserved and transferred to the Creditors' Trust**, and such claims and causes of action shall be administered by the Trustee. **As of the Effective Date, the Trustee shall be deemed to have been appointed as the representative of the Estate by the Bankruptcy Court, pursuant to Section 1123(b)(3)(B) of the Bankruptcy Code, for purposes of any and all of the foregoing claims, rights, causes of action, claims for relief and any other entitlement held by the Estate.**

Plan, § 7.13 at p. 84 (emphasis added).

Section 7.13.2 of the Plan further provides:

> Upon her appointment, the Trustee shall automatically (a) be substituted into the adversary proceeding entitled *Official Committee of Unsecured Creditors v. Kelly Investment Co., et al.,* A.P. No. 10-01089, pending before the Bankruptcy Court, as plaintiff in place and stead of the Committee; and (b) assume the rights and obligations of the Committee under the terms of the *Order Granting Debtors' Motion For Approval of Sale of Real Property (7383 Shiloh Road, Santa Rosa, California),* entered on May 26, 2010, and of the role of the Debtors and the Committee as appellees in the appeal of such order, pending in the United States District Court for the Northern District of California, Case No. 10-02698.

Plan, §7.13.2 at p. 85 (emphasis added)  In an abundance of caution, the Liquidating Trustee brings this motion for the Court's approval and recognition of her substitution as plaintiff in this case.

### III.  RELIEF REQUESTED

Pursuant to Bankruptcy Rule 7025(c), the Liquidating Trustee requests that she be substituted in place of, and instead of, the Debtors as plaintiff in the Adversary Proceeding.

### IV.  DISCUSSION

Bankruptcy Rule 7025 addresses the issue of substitution of parties in an adversary proceeding.  Bankruptcy Rule 7025(c) provides:

> **Rule 25 Substitution of Parties.**
>
> (c) **Transfer of Interest.**  If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party.  The motion must be served as provided in Rule 25(a)(3).

*See generally* 10 Collier on Bankruptcy (15th rev. ed.) at ¶7025.05 (determination on motion for substitution within discretion of court, typically based on convenience).

Pursuant to the terms of the Plan, including but not limited to Section 7.13 of the Plan, the Debtors' claims set forth in the Adversary Proceeding were transferred to the Creditors' Trust as of the Effective Date are now administered by the Liquidating Trustee.  The Liquidating Trustee asks to be substituted in place of the Debtors as plaintiff in the Adversary Proceeding, acting solely in her capacity as Liquidating Trustee on behalf of the Creditors' Trust.

//

//

## V. NOTICE

This Motion and the accompanying Notice have been served on all parties who have appeared in the Adversary Proceeding, including the Debtors, and all parties who have requested notice pursuant to Bankruptcy Rule 2002. Such notice complies with Bankruptcy Rule 7025(a)(3).

WHEREFORE, the Liquidating Trustee requests that the Court enter an Order:

1. Granting the Motion and substituting the Liquidating Trustee as plaintiff in the above-captioned Adversary Proceeding;

2. Granting such other and further relief as is just and proper.

Date: December 9, 2010                    PACHULSKI STANG ZIEHL & JONES LLP

                                          By   */s/ Gail S. Greenwood*
                                               Gail S. Greenwood
                                               Attorneys for Andrea Wirum,
                                               Trustee of the Carinalli Liquidating Trust